UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY f/k/a
MONTPELIER US INSURANCE COMPANY,

        Plaintiff,

 -against-

KFG LAND 1, LLC d/b/a HOPKINS CENTER
FOR REHABILITATION AND
HEALTHCARE and JOSEPH
BUCCELLATO,

        Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

13-CV-6437 (ENV) (VVP)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
AUG 1 3 2014
BROOKLYN OFFICE

VITALIANO, D.J.,

  On June 3, 2014, plaintiff moved the Court for default judgment against defendant KFG Land 1, LLC d/b/a Hopkins Center for Rehabilitation and Healthcare ("KFG"). The motion comes in an action plaintiff commenced on November 20, 2013. A summons with copy of the complaint was served on an agent for KFG on December 23, 2013. KFG has at no point responded to the complaint, and its opportunity to do so has passed. On plaintiff's motion, the Clerk of Court entered a certificate of default against KFG on May 22, 2014. This motion then followed.

  Local Civil Rule 7.1(a)(2) requires all parties to include a memorandum of law with any motion they file; this requirement extends to motions for default judgment. See, e.g., Jin Young Chung v. Yoko Sano, No. 10-CV-2301, 2011 WL 1303292, at *13 n. 22 (E.D.N.Y. 2011); Lanzafame v. Dana Restoration, Inc., No. 09-

CV-0873, 2010 WL 6267657, at *7 (E.D.N.Y. 2010). Additionally, Local Civil Rule 55.2(b) requires a movant for default judgment to append to its application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment. The fact that some of these items may be found electronically, scattered on the docket, does not absolve the movant of its obligation to collect and append copies to the moving papers.

In failing to include in its motion papers a memorandum of law, a copy of the claim upon which it seeks default judgment, and a proposed form of judgment, plaintiff has failed to comply with Local Civil Rules 7.1(a)(2) and 55.2(b).

## Conclusion

For these reasons, the Court denies plaintiff's motion for default judgment without prejudice and with leave to renew, but only in a manner that complies with the Court's Local Rules.

SO ORDERED.

Dated: Brooklyn, New York
August 3, 2014

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge